[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs bring this petition pursuant to Conn. Gen. CT Page 1897 Stat. 49-13 seeking a judgment declaring a certain mortgage invalid as a lien. The petitioner Ernest Bookert, Sr. is the current owner of property known as 49 Parmalee Avenue in New Haven (the "Property"). The petitioner Daniel V. Fanelli owned the Property for at least seventeen years prior to the filing of the petition in this action in January 1992. The petitioners have been in undisturbed possession of the Property for seventeen years after the maturity of the mortgage and for seventeen years prior to the filing of this petition.
The Property is encumbered of record by a mortgage from John and Dora Fanelli (Daniel Fanelli's parents) to Rocco and Fondina Barletta dated October 2, 1946 and recorded in Volume 1516, Page 503 of the New Haven Land Records (the "Mortgage"). The Mortgage was made to secure a promissory note for $3,000.00 dated October 2, 1946 and due "on or before five years from date". Mrs. Fanelli and Mrs. Barletta were sisters.
The Mortgage, executed over forty years ago, has not been released of record. Both Rocco Barletta and Fondina Barletta are now deceased. The defendant Joseph Barletta is their son and he is also executor of his father's estate. He had no knowledge of the Mortgage until a few months ago, when he was contacted by the petitioners' attorney and was asked for a release of the Mortgage. Despite not knowing about the Mortgage until recently, he contends that the Mortgage has not been paid. He bases that contention on the fact that he borrowed money from his parents in 1953 and when he repaid the loan in 1957, Fondina Barletta gave him a release of the Mortgage which was recorded in the land records. The absence of a release or the Fanelli mortgage suggests to him that the note was not paid.
Conn. Gen. Stat. 49-13(c) provides that if no evidence is offered of any payment on the mortgage debt or any other act demonstrating the mortgage's validity within the seventeen years prior to the petition being brought, the court may render judgment declaring the mortgage invalid as a lien against the property. There was no evidence at the hearing of any payment or any other affirmation of the existence of the Mortgage within the last seventeen years or within seventeen years from the 1951 maturity of the Mortgage. Mrs. Barletta died in 1971 without having informed any of her children about the existence of the loan to her sister and brother-in-law. The evidence offered by the defendant is insufficient to overcome the balance of the evidence which clearly satisfies the statutory standards.
Accordingly, judgment is entered declaring the Mortgage invalid as a lien against the real property known as 49 Parmalee Avenue, New Haven.
Christine S. Vertefeuille, Judge